UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 12-60340-CIV-ZLOCK/ROSENBAUM

M. MONICA McGEE,
and PATIENCE WATSON,

      Plaintiffs,

v.

WYNDHAM VACATION
RESORTS, INC., a Florida
corporation.

      Defendant.
_____/

## AMENDED COMPLAINT

Plaintiffs, M. MONICA McGEE and PATIENCE WATSON, by and through their undersigned counsel, sue the Defendant, WYNDHAM VACATION RESORTS, INC., a Florida corporation, and alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for damages which exceed Fifteen Thousand and 00/100 ($15,000.00) Dollars, exclusive of interest and costs.

2. Plaintiff, M. MONICA McGEE, (hereinafter "McGEE"), is a resident of Broward County, and a citizen of the State of Florida, and is otherwise *sui juris*.

3. Plaintiff, PATIENCE WATSON, (hereinafter "WATSON"), is a resident of Broward County, and a citizen of the State of Florida, and is otherwise *sui juris*.

4. Defendant, WYNDHAM VACATION RESORTS, INC., referred to in Plaintiffs' original Complaint as WYNDHAM WORLDWIDE OPERATIONS, INC., (hereinafter "WYNDHAM"), is, upon information and belief, a Florida corporation with its principal place of

business in Orange County, Florida.

5.   All events that give rise to this cause of action took place in Broward County, Florida.

6.   All conditions precedent to filing this action have been performed, excused, modified or waived.

7.   Plaintiffs' Complaint includes claims for unlawful employment practices in violation of F.S. 760.01 et seq and 42 U.S.C. 2000e.  This court has concurrent jurisdiction over the Plaintiffs' federal claims pursuant to clearly established federal case law. [1]

## GENERAL ALLEGATIONS

8.   McGEE and WATSON were, at all times material hereto, employed as Sales Executives for WYNDHAM, a company whose principal business was, and is, selling vacation timeshares.

9.   McGEE was hired in March 1998 and WATSON was hired in December 2001.

10.  At no time during their employment were McGEE or WATSON ever the subject of any disciplinary action.

11.  Plaintiffs, who were compensated on a commission basis, generated income for WYNDHAM, and themselves, by hosting sales "tours" for potential customers and, if they were successful, convincing the customer to purchase a vacation timeshare interest through WYNDHAM.

12.  During the majority of their employment, sales tours were assigned to Plaintiffs and their fellow Sales Executives through a rotation system which assigned the next customer to the next available Sales Executive, based upon a "weightful performance" system (i.e., a sale on the previous day would put the salesperson at the top of the rotation.).

---

[1] *Yellow Freight System, Inc., v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d. 834 (1990)

13. However, sometime in 2009, Plaintiffs' then immediate supervisor, WYNDHAM Vice-President Richard Wieczerzak (hereinafter "Wieczerzak"), unilaterally changed the rotation system such that the male Sales Executive were given more, and better, rotations and tours, to the exclusion of the Plaintiffs.

14. There was no legitimate business reason for Wieczerzak to reduce, and on some days eliminate entirely, the rotations and tours given to Plaintiffs. The sole and only reason given to Plaintiffs for his actions is that he preferred working with males Sales Executives as opposed to female Sales Executives.

15. As a result of the reduction in and, on some days complete elimination of, their rotations and tours, Plaintiffs' sales were drastically reduced, their perspective incomes plummeted, and they were eventually terminated on the pre-text of their "lack of productivity."

16. Plaintiffs' reduced productivity was the direct and sole result of the sexually discriminatory acts of Wieczerzak as referenced above in paragraphs 13-14.

17. All of the acts of Wieczerzak were done within the course and scope of his employment with WYNDHAM and in his capacity as the direct supervisor of Plaintiffs.

## COUNT I - VIOLATION OF FLORIDA CIVIL RIGHTS ACT
## M. MONICA McGEE

Plaintiff, M. MONICA McGEE, repeats the allegations contained in paragraphs 1-17 as though fully contained herein.

18. This is an action, pursuant to F.S. 760.01, et seq., for unlawful employment practices.

19. McGEE was terminated by WYNDHAM because of her sex and for no other reason.

20. The reason given by WYNDHAM for her termination was a mere pre-text, and was not based on any legitimate business purpose or business necessity.

21. McGEE timely filed her administrative complaint with the Broward County Office of Equal Opportunity, a copy of which is attached hereto as EXHIBIT "A".

22. The Broward County Office of Equal Opportunity forwarded its handling of this Claim to the Equal Employment Opportunity Commission ("EEOC"). A copy of McGEE's EEOC Charge of Discrimination is attached hereto as EXHIBIT "B".

23. McGEE cooperated with the EEOC throughout its investigation of Plaintiffs' claims, and through her undersigned attorneys, requested that the EEOC issue its formal disposition of her claim or "Right to Sue" letter. A copy of McGEE's request for the issuance of her "Right to Sue" letter is attached hereto as EXHIBIT "C". However, prior to filing this lawsuit, the EEOC failed to issue the same prior to the filing of this action, the practical effect of which was that McGEE had exhausted all available administrative remedies prior to filing this action. [2]

24. Eventually, the EEOC did issue its "Right to Sue" letter to McGEE, a copy of which is attached hereto as EXHIBIT "D".

25. As a direct and proximate result of WYNDHAM's violation of the Florida Civil Rights Act, McGEE has suffered damages, including, but not limited to, back pay, lost income, lost benefits, mental anguish and emotional distress.

26. McGEE has retained the undersigned attorneys to represent her in this action and has agreed to pay them a reasonable fee for their services.

27. WYNDHAM is responsible for McGEE's attorneys' fees pursuant to F.S. 760.11(5).

---

[2] Failure of a Title VII Plaintiff to receive a "Right-to-Sue" letter from the will not prevent a Plaintiff from pursuing her claim where she has cooperated with the agency's investigation, and requested a "Right-To-Sue" letter, but the EEOC has refused to issue the same through no fault of the Plaintiff. See, *Kahn v. Pepsi Cola Bottling Group* 526 F.Supp.1268 (E.D.N.Y. 1981), *Bulls v. Holmes* F.Supp. 475 (E.D. Va. 1975)

WHEREFORE, Plaintiff, M. MONICA McGEE, prays that this Honorable Court enter judgment against the Defendant, WYNDHAM, awarding damages, together with an award of attorneys' fees and costs and such further relief as the Court may deem appropriate.

### COUNT II - VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### PATIENCE WATSON

Plaintiff, PATIENCE WATSON, repeats the allegations contained in paragraphs 1-17 as though fully contained herein.

28. This is an action, pursuant to F.S. 760.01, et seq., for unlawful employment practices.

29. WATSON was terminated by WYNDHAM because of her sex and for no other reason.

30. The reason given by WYNDHAM for her termination was a mere pre-text, and was not based on any legitimate business purpose or business necessity.

31. WATSON timely filed her administrative complaint with the Broward County Office of Equal Opportunity, a copy of which is attached hereto as EXHIBIT "E".

32. The Broward County Office of Equal Opportunity forwarded its handling of this Claim to the Equal Employment Opportunity Commission ("EEOC"). A copy of WATSON's EEOC Charge of Discrimination is attached hereto as EXHIBIT "F".

33. WATSON cooperated with the EEOC throughout its investigation of Plaintiffs' claims, and, through her undersigned attorneys, requested that the EEOC issue its formal disposition of her claim or "Right to Sue" letter. A copy of WATSON's request for the issuance of her "Right to Sue" letter is attached hereto as EXHIBIT "G". However, the EEOC failed to issue the same prior to the filing of this action, the practical effect of which was that WATSON had exhausted all available administrative remedies prior to filing this action. (*See Footnote 2.*)

34. Eventually, the EEOC did issue its "Right to Sue" letter to WATSON, a copy of which is attached hereto as EXHIBIT "H".

35. As a direct and proximate result of WYNDHAM's violation of the Florida Civil Rights Act, WATSON has suffered damages, including, but not limited to, back pay, lost income, lost benefits, mental anguish and emotional distress.

36. WATSON has retained the undersigned attorneys to represent her in this action and has agreed to pay them a reasonable fee for their services.

37. WYNDHAM is responsible for WATSON's attorneys' fees pursuant to F.S. 760.11(5).

WHEREFORE, Plaintiff, PATIENCE WATSON, prays that this Honorable Court enter judgment against the Defendant, WYNDHAM, awarding damages, together with an award of attorneys' fees and costs and such further relief as the Court may deem appropriate.

## COUNT III - VIOLATION OF EQUAL EMPLOYMENT OPPORTUNITIES ACT
## M. MONICA McGEE

Plaintiff, M. MONICA McGEE, repeats the allegations contained in paragraphs 1-17 as though fully contained herein.

38. This is an action, pursuant to 42 U.S.C. 2000e-5, for unlawful employment practices.

39. McGEE was terminated by WYNDHAM because of her sex and for no other reason.

40. The reason given by WYNDHAM for her termination was a mere pre-text, and was not based on any legitimate business purpose or business necessity.

41. McGEE timely filed her administrative complaint with the Broward County Office of Equal Opportunity, a copy of which is attached hereto as Exhibit "A".

42. The Broward County Office of Equal Opportunity forwarded its handling of this Claim to the Equal Employment Opportunity Commission ("EEOC"). A copy of McGEE's EEOC Charge of Discrimination is attached hereto as Exhibit "B".

43. McGEE cooperated with the EEOC throughout its investigation of Plaintiffs' claims and, through her undersigned attorneys, requested that the EEOC issue its formal disposition of her

claim or "Right to Sue" letter. A copy of McGEE's request for the issuance of her "Right to Sue" letter is attached hereto as Exhibit "C". However, the EEOC failed to issue the same prior to the filing of this action, the practical effect of which was that McGEE had exhausted all available administrative remedies prior to filing this action. *(See Footnote 2.)*

44.     Eventually, the EEOC did issue its "Right to Sue" letter to MCGEE, and a copy of that letter is attached hereto as Exhibit "D".

45.     As a direct and proximate result of WYNDHAM's violation of the Equal Employment Opportunity Act, McGEE has suffered damages, including, but not limited to, back pay, lost income, lost benefits, mental anguish and emotional distress.

46.     McGEE has retained the undersigned attorneys to represent her in this action and has agreed to pay them a reasonable fee for their services.

47.     WYNDHAM is responsible for McGEE's attorneys' fees pursuant to 42 U.S.C. 2000e-5(k).

WHEREFORE, Plaintiff, M. MONICA McGEE, prays that this Honorable Court enter judgment against the Defendant, WYNDHAM, awarding damages, together with an award of attorneys' fees and costs, and such other and further relief as the Court may deem appropriate.

## COUNT IV - VIOLATION OF EQUAL EMPLOYMENT OPPORTUNITIES ACT
## PATIENCE WATSON

Plaintiff, PATIENCE WATSON, repeats the allegations contained in paragraphs 1-17 as though fully contained herein.

48.     This is an action, pursuant to 42 U.S.C. 2000e-5, for unlawful employment practices.

49.     WATSON was terminated by WYNDHAM because of her sex and for no other reason.

50.     The reason given by WYNDHAM for her termination was a mere pre-text, and was not based on any legitimate business purpose or business necessity.

7

51. WATSON timely filed her administrative complaint with the Broward County Office of Equal Opportunity, a copy of which is attached hereto as Exhibit "D".

52. The Broward County Office of Equal Opportunity forwarded its handling of this Claim to the Equal Employment Opportunity Commission ("EEOC"). A copy of WATSON's EEOC Charge of Discrimination is attached hereto as Exhibit "E".

53. WATSON cooperated with the EEOC throughout its investigation of Plaintiffs' claims and, through her undersigned attorneys, requested that the EEOC issue its formal disposition of her claim or "Right to Sue" letter. A copy of WATSON's request for the issuance of her "Right to Sue" letter is attached hereto as Exhibit "F". However, the EEOC failed to issue the same prior to the filing of this action, the practical effect of which was that WATSON had exhausted all available administrative remedies prior to filing this action. *(See Footnote 2.)*

54. Eventually, the EEOC did issue its "Right to Sue" letter to WATSON and a copy of that "Right to Sue" letter is attached hereto as Exhibit "G".

55. As a direct and proximate result of WYNDHAM's violation of the Equal Employment Opportunity Act, WATSON has suffered damages, including, but not limited to, back pay, lost income, lost benefits, mental anguish and emotional distress.

56. WATSON has retained the undersigned attorneys to represent her in this action and has agreed to pay them a reasonable fee for their services.

57. WYNDHAM is responsible for WATSON's attorneys' fees pursuant to 42 U.S.C. 2000e-5(k).

WHEREFORE, Plaintiff, PATIENCE WATSON, prays that this Honorable Court enter judgment against the Defendant, WYNDHAM, awarding damages, together with an award of attorneys' fees and costs, and such other and further relief as the Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, M. MONICA McGEE and PATIENCE WATSON, demand a jury trial for all issues so triable.

Respectfully submitted this 8th day of August, 2012.

s/ J. David Huskey, Jr.
J. David Huskey, Jr., Esq. (FLBar #827850)
dhuskey@mcgeehuskey.com
McGEE & HUSKEY, P.A.
*Attorneys for Plaintiff*
2850 North Andrews Avenue
Fort Lauderdale, Florida 33311
Telephone: (954) 563-8200
Facsimile:  (954) 566-7754

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via **CM/EFC** on **August 8, 2012** on all counsel or parties on the Service List below.

s/ J. David Huskey, Jr.
J. David Huskey, Jr., Esq.

## **M. MONICA MCGEE and PATIENCE WATSON v. WYNDHAM VACATION RESORTS, INC., A FLORIDA CORPORATION**
## **CASE NO. 12-CV-60340-WJZ**

## **SERVICE LIST**

Scott S. Allen, Esq.
Florida Bar No. 143278
E-mail: *allens@jacksonlewis.com*
Mendy Halberstam, Esq.
Florida Bar No. 068999
E-mail: *halbersm@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466
*Attorney for Defendant, Wyndham Vacation Resorts, Inc.*